UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| BRIAN M. STOLAR 1998 FAMILY TRUST, : : Plaintiff, : : v. : : AMERICAN GENERAL LIFE INSURANCE COMPANY, : : Defendant. : | Civil Action No. 23-3613 (SRC)  **OPINION & ORDER** |

**CHESLER**, District Judge

This matter comes before the Court on the motion by Plaintiff, the Brian M. Stolar 1998 Family Trust ("the Trust"), to remand for lack of subject matter jurisdiction or, in the alternative, for the Court to abstain from exercising subject matter jurisdiction under 28 U.S.C. § 2201(a). Defendant American General Life Insurance Company ("AGL") has opposed the motion. For the reasons described herein, the motion is denied.

**I**

This case arises from a dispute over the validity of a life insurance policy. The Trust, the beneficiary of the policy, sent a $4,690.50 payment for the policy after the due date specified for the payment. AGL cancelled the policy, valued at $5 million, and requested that the Trust apply for reinstatement. Rather than applying for reinstatement, the Trust filed the Complaint in the Superior Court of New Jersey on May 22, 2023, seeking: 1) a declaratory judgment that AGL breached its contract with the Trust; and 2) specific performance compelling AGL to accept the

premium payment and reinstate the policy. AGL filed a Notice of Removal and Complaint in this Court on or about July 5, 2023. The Notice of Removal asserted that this Court has federal subject matter jurisdiction over this action based on diversity of citizenship.

The Trust made the instant motion to remand the case on August 4, 2023, arguing that this Court lacks subject matter jurisdiction and, in the alternative, for the Court to exercise its discretion to abstain from exercising subject matter jurisdiction. The Trust primarily argues that remand is appropriate because the amount in controversy for purposes of establishing diversity jurisdiction is the value of the missed payment, rather than the face value of the policy; the amount of the missed payment is less than the $75,000 statutory minimum. See 28 U.S.C. § 1332(a). The Trust additionally argues that, because this is an action for a declaratory judgment, this Court should exercise its discretion to decline jurisdiction over the non-declaratory matters under the Declaratory Judgment Act because there is a parallel proceeding ongoing in state court. See 28 U.S.C. § 2201(a).

AGL filed its opposition to the Trust's remand motion on August 22, 2023.

**II**

In an action removed to federal court under 28 U.S.C. § 1441, the removing party bears the burden of demonstrating that there is federal subject matter jurisdiction over the action. Samuel-Bassett v. KIA Motors Am., Inc., 357 F.3d 392, 396 (3d Cir. 2004); Boyer v. Snap-On Tools Corp., 913 F.2d 108, 111 (3d Cir. 1990). Section 1441 must be strictly construed against removal, with all doubts to be resolved in favor of remand. A.S. v. SmithKline Beecham Corp., 769 F.3d 204, 208 (3d Cir. 2014). "If there is any doubt as to the propriety of removal, that case should not be

2

removed to federal court." Brown v. Francis, 75 F.3d 860, 865 (3d Cir. 1996). Federal statutory law mandates that "if at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(d); see also Federal Rule of Civil Procedure 12(h)(3). The Court, moreover, has an independent obligation to satisfy itself that it has subject matter jurisdiction over a case. Meritcare Inc. v. St. Paul Mercury Ins. Co., 166 F.3d 214, 217 (3d Cir. 1999), overruled on other grounds by Exxon Mobil Corp. v. Allapattah Svcs., Inc., 545 U.S. 546 (2005).

## A

Plaintiff first asserts that, for purposes of establishing diversity jurisdiction, the amount in controversy is $4,690.50, well below the statutory minimum set by 28 U.S.C. § 1332(a).

Subject-matter jurisdiction under Section 1332(a) requires complete diversity and an amount-in-controversy in excess of $75,000.[1] "[C]ourts have uniformly held that, where the validity of an insurance policy is at issue, the proper measure [of the amount in controversy] is the face value." In re Prudential Ins. Co. of Am. Sales Practices Litig., 962 F. Supp. 450, 503 (D.N.J. 1997); see also Bell v. Preferred Life Assurance Soc'y, 320 U.S. 238, 240 (1943) (proper amount in controversy for an action concerning insurance purchased as a result of fraudulent misrepresentations was the $1,000 value of the insurance certificate and not the $202 in premiums). Where a plaintiff seeks "equitable relief pertaining to the enforcement of insurance policies, the face value of the policy is the measure of the amount in controversy." In re Prudential,

---

[1] No party contests the diversity of citizenship of the parties.

962 F. Supp. at 503; see also Hunt v. Washington Apple Advertising Comm'n, 432 U.S. 333, 347 (1977) (holding that in a diversity action, the amount in controversy is "determined by the object of the litigation"); Columbia Gas Transmission v. Tarbuck, 62 F.3d 538, 541 (3d Cir. 1995) (same).

The Trust seeks both a declaratory judgment and equitable relief. Both forms of relief turn on questions regarding the validity of the life insurance policy—not an entitlement to a specific monetary sum in the form of a damages award or payment of restitution. The validity of the policy, in turn, is really a question about whether AGL would be required to pay up to the full value of the policy (here, $5 million); the Trust is not challenging AGL's refusal to pay out a specific amount in response to a particular claim, so the proper amount in controversy is the amount that is at issue when considering whether the entire policy is valid. See, e.g., Anderson v. Wilco Life Ins., 943 F.3d 917, 926 (11th Cir. 2019) ("[T]he pertinent issue is not how much the plaintiffs are likely to ultimately recover, it is an estimate of the amount that will be put at issue in the course of the litigation."). In the cases relied upon by the Trust, the plaintiffs claimed either a specific amount under the policy or pled damages in excess of the statutory minimum. See Kaufman v. Liberty Mut. Ins. Co., 245 F.2d 918, 920 (3d Cir. 1957) (original complaint claimed $2,500); Allstate Vehicle & Prop. Ins. Co. v. Harris, 2020 WL 4201598 (E.D. Pa. July 22, 2020) (complaint claimed $150,000 in damages). Not so here, where Plaintiff's entitlement to any relief turns on the validity of the policy rather than the value of a particular claim. Plaintiffs are seeking the right to *pay* $4,690.50, not to *be paid* that amount.[2] The existence of that right, in turn, depends on whether the

---

[2] If the true controversy in this litigation were the right to pay $4,690.50, rather than the validity of the underlying policy (which in turn would require AGL to accept the payment,

4

policy is still valid. If the policy is valid, then AGL must accept the payment; if the policy is not valid, AGL was under no obligation to accept the payment. Because the validity of the policy is squarely at issue, the proper amount for purposes of determining jurisdiction under Section 1332(a) is the face value of the policy: $5 million.

**B**

The Trust next argues that, the existence of diversity jurisdiction notwithstanding, the court should exercise its discretion to abstain under the Declaratory Judgment Act.

**1**

The Declaratory Judgment Act states that "[i]n a case of actual controversy within its jurisdiction, . . . any court of the United States *may* declare the rights and other legal relations of any interested party seeking such declaration . . . ." 28 U.S.C. § 2201(a) (emphasis added). The Supreme Court has long held that this provision confers discretionary jurisdiction upon federal courts. See Reifer v. Westport Ins. Corp., 751 F.3d 129, 134 (3d Cir. 2014) (citing Brillhart v. Excess Ins. Co. of Am., 316 U.S. 491, 494 (1942)). The "outer boundar[y]" of this discretion exists

---

whatever the sum), the Trust's suit would suffer from a fatal standing problem in that the Trust suffers no actual injury by retaining the payment. See Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992) (requiring an actual injury to be "concrete and particularized" and "actual or imminent, not conjectural or hypothetical" (citations and quotations omitted)). The real injury in this case is AGL's refusal to reinstate the policy, not AGL refusing to accept the money. The claim for specific performance and the claim for a declaratory judgment both require the court to rule on the validity of the policy. Thus, the amount in controversy stemming from the actual injury that the Trust suffers is the full value of the policy and not the amount of the premium they still have in their bank account. See Federal Kemper Ins. Co. v. Rauscher, 807 F.2d 345, 353-54 (3d Cir. 1986) (finding that the Declaratory Judgment Act confers standing to determine the insurer's obligations to the insured).

where "there are no parallel state proceedings." Reifer, 751 F.3d at 137 (quoting Wilton v. Seven Falls Co., 515 U.S. 277, 290 (1995)). The absence of parallel state proceedings, while not dispositive, militates strongly in favor exercising jurisdiction. Kelley v. Maxum Specialty Ins. Gr., 868 F.3d 274, 282 (3d Cir. 2017) (quoting Reifer, 751 F.3d at 144).

The Trust's argument is best understood as an assertion that, were this Court to exercise jurisdiction over its claim, that would constitute a parallel proceeding to the state court action. This claim is circular. A parallel proceeding is "another proceeding . . . pending in state court in which all the matters in controversy between the parties could be fully adjudicated." Reifer, 751 F.3d at 137 n.9 (quoting Brillhart, 316 U.S. at 495). The fact that a state proceeding has been removed to federal court and that the court is now considering a remand motion does not make the potential remanded state court proceeding "parallel." There are currently no pending state court proceedings in this matter because AGL properly removed the action to federal court; there is only one proceeding—this matter, currently before this Court. Thus, there is no parallel proceeding in this case.

**2**

In the absence of a parallel proceeding, this case is at the "outer boundary" of the Court's abstention authority. Wilton, 515 U.S. at 290. The Third Circuit has articulated two paths forward to determine whether a district court may exercise its abstention authority. The first, applicable when the claim is for both declaratory and non-declaratory relief, is set forth in Rarick v. Federated Service Ins. Co., 852 F.3d 223, 229 (3d Cir. 2017). "When a complaint contains claims for both legal and declaratory relief, a district court must determine whether the legal claims are

independent of the declaratory claims. If the legal claims are independent, the court has a 'virtually unflagging obligation' to hear those claims . . . . If the legal claims are dependent on the declaratory claims, however, the court retains discretion to decline jurisdiction of the entire action . . . ." Rarick, 852 F.3d at 229 (quoting Colo. River Water Cons. Dist. v. United States, 424 U.S. 800, 817-19 (1976); citing Reifer, 751 F.3d at 144-46). The purpose of the "independent claim" test is to "prevent plaintiffs from evading federal jurisdiction through artful pleading." Id. "Non-declaratory claims are 'independent' of a declaratory claim when they are alone sufficient to invoke the court's subject matter jurisdiction and can be adjudicated without the requested declaratory relief." Id. at 228 (quoting R.R. St. & Co. v. Vulcan Materials Co., 569 F.3d 711, 715 (7th Cir. 2009)).[3] The second, appropriate where Rarick's independent claim test does not apply, requires analysis of eight factors articulated in Reifer as well as additional guidance from State Auto Ins. Co. v. Summy applicable in insurance cases. See DiAnoia's Eatery, LLC v. Motorists Mutual Ins. Co., 10 F.4th 192, 196-97 (3d Cir. 2021) (citing Reifer, 751 F.3d at 146; State Auto Ins. Co. v. Summy, 234 F.3d 131, 135 (3d Cir. 2000)).

---

[3] Rarick held that mixed claims for both declaratory and "legal" relief must be subject to the independent claim test. 852 F.3d at 229. In describing the test as applied in other circuits, the Rarick court noted that it applied to mixed claims for declaratory and "non-declaratory" relief without making any distinctions between mixed declaratory/legal claims and mixed declaratory/equitable claims. See id. at 228. This Court has previously read Rarick to apply to a mixed claim for declaratory relief and specific performance. See, e.g., Lukoil N. Am. LLC v. Rts. 94 & 515 Vernon, L.P., No. 16-8345, 2017 WL 6450482, at *4 (D.N.J. Dec. 18, 2017) (defining a "legal" remedy as a "coercive" one and applying Rarick to a mixed claim for declaratory relief and specific performance). Even if Rarick did not apply to mixed claims for declaratory and equitable relief, this Court would still decline to abstain under the Reifer/Summy test. See infra.

First, applying the Rarick test, there is at least a colorable argument that the non-declaratory claim here is not independent of the declaratory claim. Non-declaratory claims are substantively independent "when they . . . can be adjudicated without the requested declaratory relief." Rarick, 852 F.3d at 228. If the non-declaratory claim "would continue to exist if the request for a declaration simply dropped from the case," then the claims are substantively independent. Vulcan Materials, 569 F.3d at 717 n.6 (internal quotations and citations admitted). The Trust seeks both a declaration that the policy is valid and specific performance requiring AGL to accept its premium payment. The specific performance claim thus turns on the validity of the policy itself—precisely what the declaratory claim seeks—and, therefore, requires the court to rule on the declaratory claim. In another case, this Court held that a declaratory and specific performance claim were intertwined where the plaintiff's specific performance claim hinged upon a contract interpretation requested in the specific performance claim. Lukoil N. Am. LLC v. Rts. 94 & 515 Vernon, L.P., No. 16-8345, 2017 WL 6450482, at *8 (D.N.J. Dec. 18, 2017). However, there is also a colorable argument that the claims are indeed independent. A ruling on the claim of specific performance requires the court to apply the relevant contract law principles and determine whether an insurance contract exists for which the Trust could make a premium payment. The relevant contract law would govern whether the court could adjudicate the validity of the policy *without* ruling on the declaratory judgment claim. As such, there is also a good argument that the non-declaratory claim is independent of the declaratory claim, in which case this Court's obligation to hear this case would be "virtually unflagging." Colo. River, 424 U.S. at 817.

The court need not rule on the above arguments. Assuming *arguendo* that the declaratory and non-declaratory claims are not independent, this Court would still decline to exercise its jurisdiction under the Reifer/Summy test. Reifer requires the court to consider, to the extent relevant, "(1) the likelihood that a federal court declaration will resolve the uncertainty of obligation which gave rise to the controversy; (2) the convenience of the parties; (3) the public interest in settlement of the uncertainty of obligation; (4) the availability and relative convenience of other remedies; (5) a general policy of restraint when the same issues are pending in a state court, (6) avoidance of duplicative litigation; (7) prevention of the use of the declaratory action as a method of procedural fencing or as a means to provide another forum in a race for res judicata; and (8) (in the insurance context) an inherent conflict of interest between an insurer's duty to defend in a state court and its attempt to characterize that suit in federal court as falling within the scope of a policy exclusion." DiAnoia's Eatery, 10 F.4th at 196-97 (citing Reifer, 751 F.3d at 146). Summy's "additional guidance" also requires this Court to consider whether state law is unsettled as to a particular issue of substantive insurance law. Id. (citing Summy, 234 F.3d at 141).

Neither the Reifer factors nor Summy's additional guidance support remand. A federal court is equally capable of resolving the validity of the insurance policy as a state court. Neither party would be inconvenienced by litigating this case in federal court because it was originally brought in a New Jersey state court and has now been removed to the single federal district court in New Jersey. There are no unsettled questions of state law that might give the State of New Jersey some interest in the resolution of this litigation. And, because there is no parallel proceeding, the fourth through eighth Reifer factors are immaterial. Further, neither party alleges the existence

9

of any unsettled issue of substantive insurance law, so the Summy guidance also does not counsel in favor of abstention.

Because there is no parallel state proceeding, and because the Reifer/Summy test does not militate in favor of abstention, this Court declines to exercise its abstention authority under the Declaratory Judgment Act.

*   *   *

For these reasons,

**IT IS** on this 19th day of September, 2023

**ORDERED** that Plaintiff's motion to remand (Docket Entry No. 6) is **DENIED**.

    s/Stanley R. Chesler
STANLEY R. CHESLER, U.S.D.J.